# Echevarria Law, PLLC

P.O. Box 1053
Warwick, New York 10990

Jennifer S. Echevarria, Esq.*	Jennifer@EchevarriaLawPLLC.com	(845) 544-7644
*Admitted in NY, NJ, CT

July 21, 2022

Hon. Vincent L. Briccetti	[Via ECF]
United States Courthouse
300 Quarropas Street, Room 630
White Plains, New York 10601

    Re:    Budrow v. McCarey Landscaping, Inc., *et al.*
           Case No.: 22-cv-01773
           Seeking Court Approval of Settlement Agreement

Dear Judge Briccetti:

    This firm represents Plaintiff in the above referenced matter. This letter is being submitted jointly by both Plaintiff and Defendants' counsel.

    As the Court is aware, Defendants' Motion to Dismiss was pending when the parties participated in Court-ordered mediation on May 25, 2022. By the time the parties mediated, they had engaged in significant and substantive discovery pursuant to the mediation protocols and had had the opportunity to fully research the strengths and weaknesses of their cases.

    After an hour-long, private pre-mediation meeting was held between the mediator and each parties' counsel, and a separate mediation lasting longer than five (5) hours with both parties and counsel, the parties agreed to settle this matter for ninety thousand dollars and zero cents ($90,000.00). <u>A proposed settlement agreement, signed by all parties, is enclosed for the Court's review. The parties previously submitted a proposed agreement that included a non-disparagement clause (former paragraph "3"), which has since been removed. The Philadelphia Indemnity Insurance Company is Defendants' insurance carrier that covers Defendants for certain employment claims.</u>

    This settlement amount is reasonable for both sides given the following. First, it was possible that Defendants would succeed in removing this case from federal court and forcing arbitration; Plaintiff would have had to be represented at that arbitration by a union that had already neglected its duty to fairly and properly represent Plaintiff's rights vis-à-vis his employer. In addition, it was possible that the case could be dismissed in federal court and that the union would not agree to arbitrate on his behalf at all, in which case Plaintiff would be left without a remedy.

1

# Echevarria Law, PLLC

P.O. Box 1053
Warwick, New York 10990

Jennifer S. Echevarria, Esq.*            Jennifer@EchevarriaLawPLLC.com                    (845) 544-7644
*Admitted in NY, NJ, CT

---

Second, the settlement amount fully compensates Plaintiff for the main crux of his lawsuit: his unpaid travel and lunch times with associated fringe benefits claimed in his First, Second and Fifth Claims. Unpaid "travel time" (as defined in the Complaint) and lunch time were calculated at a regular hourly rate of $29.75/hour from January 1, 2020, up to August 8, 2021, at which point the hourly rate went up to $31.75 until the date of termination on December 3, 2021. The maximum work time that Plaintiff estimated that he was not paid for was two (2) hours a day for travel time and thirty (30) minutes a day for working lunch time. This was a generous estimate as there were days during that period that Plaintiff did not work or that Plaintiff did not travel more than forty-five (45) minutes a day, and days that he did not work during lunch. Nevertheless, Plaintiff's "best case scenario" for unpaid travel time was $29,495.00 and $7,372.97 for unpaid lunch. The total associated benefits for unpaid travel and lunch times were calculated at $4/hour for pension, $2.82/hour for annuity, and $3/hour for savings plan, totaling $9,623.60 for the subject period. Therefore, the total owed to Plaintiff for travel, lunch and associated benefits was $46,491.57. Under the settlement agreement, Plaintiff is receiving $63,030.00 after payment of attorneys' fees. The extra amount that he is receiving fairly compensates him for the other Claims that were weaker and subsidiary to his main claims for unpaid travel and lunch.

Both parties preferred to settle this case now rather than continuing to litigate: Defendants wanted to minimize their losses from payment of attorneys' fees and Plaintiff has an interest in receiving his unpaid wages now rather than a year or two from now should the litigation continue as he has plans to relocate and wants to put this case behind him.

Both parties were fully and fairly advised by competent and experienced employment counsel. The agreement was jointly drafted by both counsel and, if approved by the Court, will be entered into after careful consideration and without any duress or coercion on either side.

Out of the $90,000.00 settlement, $26,970.00 is allocated to Plaintiff's attorney's fees, which is reasonable given the following. First, Plaintiff's counsel was retained on a contingency basis (i.e., Plaintiff agreed to pay his counsel in the amount of 33.3% of the recovery amount) and counsel then agreed to reduce her fee by $3,000.00 in order to facilitate settlement. Second, extensive research was required to prepare a complaint and an opposition to Defendants' motion to dismiss, there was review of extensive disclosures (on both sides) prior to mediation and the preparation of a pre-mediation statement plus participation in a lengthy mediation. Plaintiff's counsel assumed the risk of taking this case on a contingency basis and agreed to shoulder the costs of litigation notwithstanding the possibility that the case could be dismissed or lost in arbitration or at trial; this assumption of risk further justifies the fee. Plaintiff's counsel has been practicing in the area of civil litigation since 2008, specifically wage and hour employment litigation since March 2014, and her current hourly rate is $425.00 - $450.00.

## Echevarria Law, PLLC
P.O. Box 1053
Warwick, New York 10990

| | | |
|---|---|---|
| Jennifer S. Echevarria, Esq.* <br> *Admitted in NY, NJ, CT | Jennifer@EchevarriaLawPLLC.com | (845) 544-7644 |

Plaintiff has had more than 30 days to consider the agreement as he was forwarded a preliminary draft of an agreement substantially similar to the one enclosed on June 1, 2022.

The parties thank the Court for its consideration of this matter.

Very truly yours,

*/s/ Jennifer S. Echevarria*
Jennifer S. Echevarria

Enc.

CC:  Seamus P. Weir, Esq. (via ECF)

3